UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO FATILUA,<br><br>        Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. 2:07-cr-269-TLN-EFB<br><br>No. 2:14-cv-267-TLN-EFB P<br><br><br>ORDER |

Petitioner is a federal prisoner proceeding pro se. On October 10, 2013 he filed a "motion for time credit due . . . under [18 U.S.C.] § 3585," which the court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 39. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). *See* 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

Habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241(c)(1). Claims concerning the manner and execution of a prisoner's sentence are properly asserted under section 2241. *See, e.g., Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"). The Rules Governing Section 2254 Cases in the United States District Courts also apply to petitions filed under section

1

2241.  Rule 1(b), Rules Governing Section 2254 Cases.  Under Rule 4, the court may dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  In addition Rule 2(c) requires that a petition specify the grounds for relief and the state the facts supporting each ground.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, 1976 Advisory Committee Notes.  Allegations that are vague, conclusory, or "palpably incredible" are subject to summary dismissal.  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

   Here, petitioner alleges that the Bureau of Prisons (BOP) miscalculated his release date by failing to credit him with time he spent in custody from June 1, 2007 to June 2, 2008.  ECF No. 37.  Though he purports to submit with his motion "papers" that prove the miscalculation, no such papers accompany the motion.

   After a district court sentences a federal offender, the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence.  *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)).  This includes the responsibility for computing time credits and determining a sentence termination date.  *Id.* at 333-335.  Once a prisoner commences his federal sentence and exhausts his administrative remedies, he can petition for judicial review of the Attorney General's computation of his sentence.  *Wilson*, 503 U.S. at 335-36; *United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992).  The Bureau of Prisons has established an administrative remedy by which an inmate in a federal prison may seek review of any aspect of his or her confinement.  28 C.F.R. § 542.10.  The purpose of the exhaustion requirement is to allow the administrative agency to develop a factual record, to correct its own errors, and to promote judicial efficiency.  *Parisi v. Davidson*, 405 U.S. 34, 37 (1972).  After exhausting, a petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition within the judicial district of the petitioner's custodian.  *See Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990) ("A petition under § 2241 must be addressed to the district court which has jurisdiction over [petitioner] or his custodian").

/////

1      Here, the instant petition must be dismissed with leave to amend pursuant to Rule 4 of the
2  Rules Governing Section 2254 Cases. Petitioner's grounds for relief are not clear, as he has not
3  attached any documentation showing why (as he contends) his sentence has been miscalculated.
4  Nor does he allege that he has exhausted his federal administrative remedies before bringing the
5  instant request. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam). In
6  addition, venue may not be proper in this district, as petitioner is incarcerated at the United States
7  Penitentiary, Victorville, in Adelanto, California, which lies in the Central District of California.
8  Petitioner is granted leave to file an amended petition correcting these deficiencies, using this
9  court's form petition for writ of habeas by a person in federal custody under 28 U.S.C. § 2241.
10     In accordance with the above, IT IS HEREBY ORDERED that:
11     1. The Clerk shall open this as a new civil action pursuant to 28 U.S.C. § 2241 and
12  directly assign the case to District Judge Troy L. Nunley and Magistrate Judge Edmund F.
13  Brennan.
14     2. All future filings shall be made in that civil action: No. 2:14-cv-267-TLN-EFB P.
15     3. The Clerk is directed to file a copy of the filing found at ECF No. 37 in 2:07-cr-269-
16  TLN and this order in the new civil action and shall terminate ECF No. 37 in the criminal case.
17     4. Petitioner has 30 days from the date of this order, to submit an affidavit in support of
18  his request to proceed in forma pauperis or the appropriate filing fee.
19     5. Petitioner has 30 days from the date of this order to file an amended petition for a writ
20  of habeas corpus curing the deficiencies identified in this order. The petition must bear the
21  docket number assigned to this action and be styled, "First Amended Petition."
22     6. The Clerk of the Court is directed to send petitioner (a) a copy of the in forma pauperis
23  form used by this district, and (b) a copy of the form petition for writ of habeas by a person in
24  federal custody under 28 U.S.C. § 2241 used by this district.
25  /////
26  /////
27  /////
28  /////

7. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: January 29, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE